IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Timothy Hager, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.  1:17-cv-2888 |
| Morgan & Pottinger, P.S.C., a Kentucky professional services corporation, ) ) ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Timothy Hager, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), and the Fair Credit Reporting Act, 18 U.S.C. § 1681 <u>et seq</u>. ("FCRA"), for a finding that Defendant's debt collection actions violated the FDCPA and the FCRA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA, § 1681p of the FCRA and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.  Plaintiff, Timothy Hager ("Hager"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which had been discharged in a bankruptcy, via pulling his

credit report.

4. Defendant Morgan & Pottinger, P.S.C. ("Morgan"), is a Kentucky professional services corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails, the telephone and credit reporting to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Morgan was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Mr. Hager experienced financial hardship and was forced to file a Chapter 7 bankruptcy petition on April 25, 2016, in a matter styled In re: Hager, S.D. Ind. Bankr. No. 16-03087-JJG-7. Among the entities listed on his bankruptcy petition was Defendant Morgan, because it had been attempting to collect a debt from him, see, excerpt of bankruptcy petition, attached as Exhibit A.

6. On April 29, 2016, Morgan was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Notice to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit B.

7. On August 16, 2016, Mr. Hager received a discharge from all of his debts from the bankruptcy court, and on August 18, 2016, Morgan was sent, via U.S. Mail, notice of the discharge by the court, see, the Certificate of Notice to the Order of Discharge, which is attached as Exhibit C.

8. Nonetheless, without a permissible purpose, on October 2, 2016, in conjunction with a debt collection attempt Morgan pulled/accessed Mr. Hager's credit

report at TransUnion. An excerpt of the TransUnion report is attached as Exhibit D.

9. False and/or misleading attempts to collect a debt have been held to materially violate the FDCPA. Moreover, unauthorized, impermissible views of a consumer credit report can deprive a consumer of the fresh start envisioned by the bankruptcy code. As a result of Defendant's unauthorized, impermissible views of his credit report, Plaintiff was deprived of the fresh start provided by the bankruptcy code.

10. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e(5) Of The FDCPA –**
**Taking An Action That Could Not Be Legally Taken**

11. Plaintiff adopts and realleges paragraphs 1-10.

12. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, taking any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

13. Defendant was prohibited from obtaining/viewing Plaintiff's credit report after his debt was discharged in bankruptcy, see, § 1681b(f) of the FCRA.

14. By viewing/obtaining Mr. Hager's credit report, despite notice that his debt was included in his bankruptcy and had been discharged (Exhibits B and C), Defendant violated § 1692e(5) of the FDCPA.

15. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation of § 1681b of The FCRA --**
**Willful Wrongful Procurement Of Plaintiff's Credit Report**

16.     Plaintiff adopts and realleges ¶¶ 1-10.

17.     Under the FCRA, a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose.  The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b(a)(3)(A-F).

18.     Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

19.     Defendant, by reviewing Plaintiff's credit report in an attempt to collect a debt which had been discharged in a Chapter 7 bankruptcy (Exhibit C), violated 15 U.S.C. § 1681b(f).  Defendant had no permissible purpose in obtaining Plaintiff's credit reports (Exhibit D), as he had recently completed a Chapter 7 bankruptcy in which the debt that Defendant was attempting to collect had been discharged.

20.     Consistent with its pattern and practice, Defendant wrongfully obtained the credit report of Plaintiff after his debt had been discharged in bankruptcy, in its attempt to collect the debt.  Defendant had no permissible purpose under § 1681b of the FCRA for obtaining Plaintiff's credit report.

21.     The entities from which the Defendant obtains credit reports of non-applicants in connection with its attempts to collect debts are "consumer reporting agencies" within the meaning of the FCRA.

22.     In connection with its practice of obtaining credit reports of consumers in its attempts to collect debts, Defendant acted willfully and in conscious disregard for the

4

rights of Plaintiff under the FCRA.  Consistent with its practice, Defendant acted willfully and in conscious disregard for the rights of Plaintiff in obtaining his credit report.

23. Defendant Morgan's violation of § 1681b(f) of the FCRA renders it liable for statutory and punitive damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1681n.

### CLASS ALLEGATIONS

24. Plaintiff, Timothy Hager, brings this action individually and as a class action on behalf of all persons similarly situated as to whom Defendant attempted to collect a delinquent consumer debt by pulling/accessing their credit report after receiving notice that the consumer's debt had been discharged in a bankruptcy, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's actions violate the FDCPA and the FCRA, and asks that the Court award damages as authorized by the FDCPA and the FCRA.

25. Defendant Morgan regularly engages in debt collection via the same methods at issue in this matter, in its attempts to collect delinquent consumer debts from other consumers.

26. The Class consists of more than 40 persons from whom Defendant Morgan attempted to collect delinquent consumer debts by pulling/accessing their credit reports after they were discharged in bankruptcy.

27. Plaintiff Hager's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

28. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29. Plaintiff Hager will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Hager has retained counsel experienced in class action litigation.

## PRAYER FOR RELIEF

Plaintiff, Timothy Hager, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Hager as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's debt collection actions violated the FDCPA and the FCRA;

4. Enter judgment in favor of Plaintiff Hager and the Class, and against

Defendant Morgan, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and, for statutory and punitive damages, costs, and reasonable attorneys' fees, provided by § 1681n of the FCRA.

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Timothy Hager, demands trial by jury.

    Timothy Hager, individually and on behalf of all others similarly situated,

    By:/s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: August 22, 2017

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com